UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCOLN MEMORIAL ACADEMY;
EDDIE HUNDLEY; MELVIA SCOTT;
JAUANA PHILLIPS; KATRINA ROSS;
and ANGELLA ENRISMA,

    Plaintiffs,

v.                                                        Case No.: 8:20-cv-309-T-36AAS

STATE OF FLORIDA, DEPARTMENT
OF EDUCATION; SCHOOL BOARD
OF MANATEE COUNTY, FLORIDA;
and THE CITY OF PALMETTO,

    Defendants.
_____/

**ORDER**

The School Board of Manatee County, Florida (the School Board) moves for an award of its reasonable attorney's fees and expenses against Plaintiffs Lincoln Memorial Academy (LMA), Eddie Hundley, Juana Phillips, Katrina Ross, and Angella Enrisma (collectively, the plaintiffs)[1] under Federal Rule of Civil Procedure 37 as a sanction for their failure to comply with the court's discovery orders (docs. 36, 68). (Doc. 81). The plaintiffs oppose the motion. (Doc. 105).

**I.  BACKGROUND**

On June 10, 2020, the School Board served the plaintiffs with its First Requests for Production and First Set of Interrogatories. The plaintiffs' responses

---

[1] The School Board does not move for sanctions against Plaintiff Melvia Scott.

1

were due by July 10, 2020. *See* Fed. R. Civ. P. 33, 34. On August 2, 2020, the School Board sent the plaintiffs' counsel, Roderick Ford, Esq., an email noting that it had been generous with permitting extensions but required that the plaintiffs provide their outstanding discovery responses by August 7, 2020. (Doc. 81, Ex. 1). On August 28, 2020, after multiple attempts to resolve the discovery deficiencies, the School Board moved to compel the plaintiffs to respond to the School Board's discovery requests. (Doc. 31). On September 8, 2020, the court granted the School Board's motion to compel in part and ordered the plaintiffs to produce the outstanding discovery by September 23, 2020. (Doc. 36).

On October 5, 2020, the court held a discovery videoconference to address remaining discovery issues. (Docs. 56, 78). The plaintiffs themselves also attended the videoconference. At the videoconference, the plaintiffs individually and credibly informed the court about their efforts to respond to the School Board's discovery requests and their confusion about how, when, and what they were supposed to do. Based on the plaintiffs' representations to the court, it appeared Attorney Ford needed to provide further advice and instruction to the plaintiffs. The School Board made ten oral motions addressing the plaintiffs' continued discovery deficiencies. (Docs. 57-67). The court granted the School Board's oral motions and ordered the plaintiffs to correct their discovery deficiencies by October 23, 2020. (Doc. 68). The court also ordered the School Board to resend electronic copies of its discovery requests for each plaintiff to Attorney Ford by October 6, 2020. (*Id.*). The School Board

complied. (Doc. 81, Exs. 2-7). The court scheduled a follow-up discovery videoconference for October 30, 2020. (Doc. 68).

Between October 12, 2020 and October 21, 2020, Attorney Ford filed several notices stating that the plaintiffs had complied with the court's orders compelling discovery. (Docs. 71-77). On October 22, 2020, the School Board's counsel sent a letter to Attorney Ford stating that the notices misrepresented the plaintiffs' production and the plaintiffs mostly did not comply with the court's orders. (Doc. 81, Ex. 8). The letter detailed the remaining discovery deficiencies for each plaintiff. (*Id.*). Attorney Ford did not respond or provide additional discovery.

On October 29, 2020, the School Board moved for sanctions against the plaintiffs for failure to comply with the court's discovery orders (docs. 36, 68). (Doc. 81). That same day, the plaintiffs responded in opposition to the School Board's motion. (Doc. 83).

On October 30, 2020, the court held the follow-up discovery videoconference. (Docs. 85, 101). Again, the plaintiffs themselves also attended the videoconference. The court granted the plaintiffs additional time to file a more substantive response to the School Board's motion for sanctions and scheduled an evidentiary hearing on the motion. (Docs. 89, 90). The court directed that counsel for the parties meet and confer by telephone about outstanding discovery by November 6, 2020. (Doc. 89). The court directed Attorney Ford to confer with each plaintiff about the outstanding discovery before the November 6th meeting with opposing counsel. (*Id.*). At the November 6th meeting, Attorney Ford stated he would provide the School Board with

amended responses for each plaintiff. (*See* Def. Ex. 31). Attorney Ford did not provide amended responses.

On December 1, 2020, the court held an evidentiary hearing on the School Board's motion for sanctions. (Doc. 110). All parties were present at the hearing and Mr. Hundley, Christine Dawson,[2] Attorney Ford, Ms. Phillips, Ms. Ross, and Ms. Enrisma testified. (*Id.*).

## II.  LEGAL STANDARD

Rule 37(b) provides that a party who violates a discovery order may be sanctioned in various ways, including being found liable for reasonable expenses. Attorney's fees may be awarded against "the disobedient party, the attorney advising the party, or both ... unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. Pro. 37(b)(2)(C); *Weaver v. Lexington Ins. Co.*, 2007 WL 1288759, *2 (M.D. Fla. May 2, 2007) (citation omitted) (stating that non-complying party has the burden of showing that noncompliance is substantially justified or harmless).

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and [ensure] the integrity of the discovery process." *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). Failing to comply with the court's order need not be willful

---

[2] Ms. Dawson was the chair of LMA's governing board.

or in bad faith unless the court "imposes the most severe sanction—default or dismissal." *Coquina Invs. V. TD Bank, N.A.*, 760 F.3d 1300, 1319 (11th Cir. 2014).

### III. ANALYSIS

The School Board requests an award of its reasonable expenses and attorney's fees as a sanction for the failure to comply with the court's orders to produce discovery responses (docs. 36, 68). (Doc. 83). The plaintiffs respond that their discovery violations were substantially justified, and an award of expenses would be unjust. (Doc. 105).

#### A. Lincoln Memorial Academy and Mr. Hundley

Mr. Hundley responded to the School Board's discovery requests in his individual capacity and on behalf of LMA, as the LMA's former Chief Executive Officer and Principal. (Doc. 81, Exs. 9, 14, 21).

##### i. Lincoln Memorial Academy

The court ordered LMA to provide a revised answer to the School Board's Interrogatory No. 12, and to provide written responses and documents in response to the School Board's Requests for Production. (Doc. 68). LMA provided a revised answer to interrogatory no. 12 and responses to the School Board's Request for Production. However, LMA's production was deficient.

Request for Production No. 9 requests, "[a]ny statements or recordings of [LMA]'s current or former employees relating to the allegations in the Amended Complaint." In response, LMA stated that "it does not have any documents in its possession." (Doc. 81, Ex. 9, p. 2). Mr. Hundley testified that he had no statements or

recordings but, if he did, he would have given them to Attorney Ford. Mr. Hundley testified he has limited access to his LMA email account because his LMA computer and documents were confiscated. Mr. Hundley also testified he searched the archived emails he could access but provided Attorney Ford only with the emails Mr. Hundley deemed relevant.

Mr. Hundley testified he has only a personal cellular phone and did not use it to conduct LMA business. Although Mr. Hundley and other plaintiffs exchanged text messages during the relevant time,[3] Mr. Hundley testified the text messages were not produced because Mr. Hundley determined they were not relevant.

Request for Production No. 10 requests, "[a]ny documentation that shows the amount of damages for which you are seeking compensation from Defendant." In response, LMA responded to this request with its Rule 26 Disclosures, which states "TBA" for any accounting/audit or economic damages. (Doc. 81, Ex. 11.). The School Board requested that LMA produce a detailed response and it has not.

Request for Production No. 21 requests, "[a]ny and all contracts entered into between you and any of the named Plaintiffs." In response, LMA stated that "it does not have any documents in its possession." (Doc. 81, Ex. 9, p. 3). However, the School Board maintains that LMA contracted with the plaintiffs. The School Board requested that LMA produce the contracts and it has not.

---

[3] Ms. Enrisma testified in a deposition that she communicated with Ms. Hundley by text message and was in a group text with Mr. Hundley. (Doc. 81, Exs. 20, pp. 5-11).

### ii. Mr. Hundley

The court ordered Mr. Hundley to respond to the School Board's Interrogatories and to provide responses to the School Board's Requests for Production. (Doc. 68). Rather than providing written responses, Mr. Hundley provided a ZIP file folder containing various documents. (Doc. 81, Ex. 13). In reviewing Mr. Hundley's production, the School Board identified deficiencies with his response to the Request for Production Nos. 9, 13, and 32.

Request for Production No. 9 requests, "[a]ny notes or documents that record, summarize, show, or reflect conversations between you and any other person concerning your employment with Defendant or the allegedly discriminatory treatment that you believe you suffered while employed by Defendant." In response, Mr. Hundley produced a document stating that he cannot access his LMA email account. (Doc. 81, Ex. 14). However, Mr. Hundley produced emails he sent from the email "hundleye@lmatrojans.org" to the email "eddiehundley@gmail.com" in October 2020. The School Board also argues that Mr. Hundley text messaged about LMA and is withholding those messages. The School Board requested that Mr. Hundley produce these communications and he has not.

Request for Production No. 13 requests, "[a]ny documents or records that show your receipt of income from any source other than the Defendant from February 2018 to the present." In response, Mr. Hundley produced a folder with two documents. The document entitled "~RFP18.docx" could not be opened. (Doc. 81, Ex. 21). The School Board requested that Mr. Hundley produce an accessible version of this document

7

and he has not. Similarly, Request for Production No. 32 requests, "[a]ny and all contracts entered into between you and Lincoln Memorial Academy." Mr. Hundley has not produced responsive documents.

### iii. Sanctions against LMA and Mr. Hundley

The testimony presented at the evidentiary hearing establishes Mr. Hundley did not comply with his discovery obligations as required by the Federal Rules of Civil Procedure, on behalf on himself or LMA. It is improper for Mr. Hundley to withhold responsive documents on the basis that he personally considers those documents irrelevant. In addition, Mr. Hundley has an obligation to make a meaningful search for the documents requested from LMA and himself. However, it was clear from Mr. Hundley's testimony at the evidentiary hearing and his statements during the easier discovery videoconferences that Attorney Ford did not advise him of the extent of documents he needed to locate and produce. Consequently, based on Mr. Hundley's credible testimony, it did not appear he intentionally withheld information.

The School Board requests sanctions against LMA and Mr. Hundley for the incomplete discovery responses. Given the testimony at the evidentiary hearing and Mr. Hundley's other representations to the court at the earlier discovery conferences, the court finds that LMA and Mr. Hundley's omissions were negligent at most and not an intentional, strategic decision. *See Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, No. 14-CV-62216, 2016 WL 1105297, at *6 (S.D. Fla. Mar. 22, 2016). Thus, an award of sanctions against LMA and Mr. Hundley would be unjust.

### B. Juana Phillips

The court ordered Ms. Phillips to produce legible versions of previously produced but illegible documents. (Doc. 68). Ms. Phillips produced a Google drive folder, but it did not have the documents ordered. The School Board's counsel followed-up and the legible versions were belatedly provided by Ms. Phillips to Attorney Ford and produced. Thus, an award of sanctions against Ms. Phillips would be unjust.

### C. Katrina Ross

The court ordered Ms. Ross to produce documents in response to the School Board's Requests for Production No. 34 requesting "[a]ny and all messages and/or posts posted by you on any social media platform, including but not limited to all such platforms and accounts identified by you in response to Interrogatories No. 10 and 11, regarding your employment with Defendant." Ms. Ross's response was incomplete. (Doc. 81, Ex. 26). Ms. Ross has since provided the School Board with an adequate response. Thus, an award of sanctions against Ms. Ross would be unjust.

### D. Angella Enrisma

The court ordered Ms. Enrisma to produce documents responsive to the School Board's Request for Production Nos. 3, 13, and 14. (Doc. 68). Ms. Enrisma produced a responsive document for request number three. (Doc. 83, Ex. 27). However, Ms. Enrisma produced one page of her 2019 tax return and failed to produce her 2018 tax return in response to the remaining requests.

Ms. Enrisma testified she did not have the requested tax returns but ordered them from the Internal Revenue Service as soon as she learned it was free and possible. Ms. Enrisma sent the tax returns to Attorney Ford on November 16, 2020. As of the December 1 evidentiary hearing, Attorney Ford had not provided those tax returns to the School Board. Because Ms. Enrisma provided the tax returns to Attorney Ford, an award of sanctions against Ms. Enrisma would be unjust.

### E. Attorney Ford

Although Federal Rule of Civil Procedure 37 does not list the circumstances in which is it proper to sanction the attorney rather than the party, Rule 37 sanctions should "penalize those whose conduct may be deemed to warrant such a sanctions [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." See *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *see also Devaney v. Conti Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir. 1993) ("Rule 37 subsections (a) and (b) permit the court to impose sanctions upon a party or its attorneys or both and establish no preference between these options."). A sanction against an attorney is justified when unnecessary litigation has resulted from the undue neglect of the plaintiffs' counsel. *See Nukote Int'l, Inc. v. Office Depot, Inc.*, No. 09-CV-82363-DTKH, 2015 WL 71566, at *9 (S.D. Fla. Jan. 6, 2015) (citation omitted).

The School Board served its discovery requests on the plaintiffs on June 10, 2020. The School Board allowed Attorney Ford and his clients several extensions of time to respond. On August 2, 2020, the School Board's' counsel emailed Attorney

Ford requiring the discovery responses by August 7, 2020. (Doc. 81, Ex. 1). In the letter, the School Board thoroughly detailed the outstanding discovery. (*Id.*). Attorney Ford did not respond.

On August 28, 2020, the School Board moved to compel the plaintiffs to provide their outstanding discovery responses. (Doc. 31). Although Attorney Ford's response stated that the School Board did not properly confer before filing the motion, the correspondence proves contrary to Attorney Ford's assertion. (*See* Def. Exs. 9, 31, 32).

After a hearing on September 8, 2020, the court granted the School Board's motion to compel in part and directed the plaintiffs to produce the outstanding discovery responses by September 23, 2020.[4] (Doc. 36). The plaintiffs did not produce the discovery responses as ordered. On October 5, 2020, the court held a follow-up discovery videoconference and ordered that the plaintiffs produce outstanding discovery by October 23, 2020. (Doc. 68). The School Board sent a letter to Attorney Ford again thoroughly outlining the discovery deficiencies and expressing concerns about the plaintiffs' continued failures to comply with their discovery obligations. (Doc. 81, Ex. 8).

On October 30, 2020, the court held another follow-up videoconference and directed the parties' counsel to speak about the outstanding discovery on November

---

[4] The court granted the motion in part only to the extent that the request for attorney's fees and costs would be considered later, along with any remaining discovery disputes. (Doc. 36, p. 2). Because the court granted the School Board's motion to compel, an award of attorney's fees and costs against the plaintiffs was warranted. *See* Fed. R. Civ. P. 37(a)(5)(A).

6, 2020. During the November 6 meeting, the School Board learned Attorney Ford had not spoken to any individuals on LMA's governing school board to obtain responsive documents.[5] Attorney Ford assured the School Board's counsel he would speak with his clients and produce amended discovery responses. On November 7, 2020, the School Board followed up with Attorney Ford and outlined the School Board's concerns about outstanding discovery and reiterated Attorney Ford's claim that he would provide amended responses. (Def. Ex. 31). Attorney Ford did not provide amended responses.

Attorney Ford had a responsibility to ensure his clients were aware of and fulfilled their discovery obligations, especially because they are not familiar with federal court litigation practice. *See Stuart I. Levin & Assocs., P.A. v. Rogers*, 156 F.3d 1135, 1141 (11th Cir. 1998) ("Because we hold that [attorney] Levin was an "advising attorney"—and thus directly liable under Rule 37). Attorney Ford filed this action on behalf of the plaintiffs and has a duty to engage in discovery and provide evidence within the time prescribed by the Federal Rules of Civil Procedure. Because Attorney Ford repeatedly failed to fulfill his discovery obligations, sanctions are warranted. *See AMF Holdings, LLC v. Elie*, No. 1:15-CV-3916-MHC-CMS, 2017 WL 5241244, at *4 (N.D. Ga. Oct. 11, 2017) (awarding Rule 37 sanctions against counsel who acted in a manner that impeded, delayed, and frustrated court ordered discovery); *see also*

---

[5] Ms. Dawson's testimony confirmed that she did not know about the School Board's discovery requests to LMA even though she held the position of chair of the LMA governing board. Ms. Dawson also testified she kept a binder for all LMA board meetings, but it was not produced.

*Devaney*, 989 F.2d at 1162 (holding that the civil rule on discovery sanctions does not require trial court to make specific finding that attorney instigated discovery misconduct before imposing sanctions upon attorney).

Attorney Ford failed to demonstrate that his continued failure to properly participate in discovery and comply with court orders was substantially justified or other circumstances make an award of expenses unjust. *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045 (11th Cir. 1994) (upholding an award of sanctions under Rule 37 against law firm and client for failing to produce court ordered evidence); *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510 (11th Cir. 1986) (upholding sanctions award against law firm and corporate client under Rule 37); *Lineworks Eng'g, LLC v. Aerial Surveying, Inc.*, No. 2:14-CV-02018-HGD, 2016 WL 11622151, at *4 (N.D. Ala. Oct. 21, 2016) (awarding attorney's fees against the plaintiff and its counsel for the defendant's preparation of a motion to compel and a motion for sanction). Thus, the court will award the School Board its reasonable attorney's fees and costs related to its motions to compel and for sanctions.

## IV. CONCLUSION

The School Board's Motion for Sanctions (Doc. 83) is **GRANTED.**[6] The School Board is awarded its reasonable attorney's fees and costs against Attorney Ford for

---

[6] At the evidentiary hearing, the School Board requested that the court order a third party to inspect text messages, cell phones, tablets, and computers. The School Board was not specific about which of these instruments require inspection. The parties must confer about this request. As part of that conference, Attorney Ford must provide counsel for the School Board with a list of the plaintiffs' devices used since January 2018 and the current location of those devices. If necessary, the School Board may file a motion.

the unnecessary time and expenses it incurred because of the discovery violations. Counsel must confer and attempt to agree on the reasonable amount of attorneys' fees and costs. If counsel cannot agree, the School Board must move for the amount sought, with supporting documentation.

**ORDERED** in Tampa, Florida on December 17, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge