UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCOLN MEMORIAL ACADEMY;
EDDIE HUNDLEY; MELVIA SCOTT;
JAUANA PHILLIPS; KATRINA ROSS;
and ANGELLA ENRISMA,

    Plaintiffs,

v.                                               Case No.: 8:20-cv-309-CEH-AAS

STATE OF FLORIDA, DEPARTMENT
OF EDUCATION; SCHOOL BOARD
OF MANATEE COUNTY, FLORIDA;
and THE CITY OF PALMETTO,

    Defendants.
_____/

**ORDER**

Plaintiffs Lincoln Memorial Academy, Eddie Hundley, Melvia Scott, Jauana Phillips, Katrina Ross, and Angella Enrisma (collectively, the plaintiffs), and their counsel Roderick O. Ford, Esq. move for the undersigned to recuse herself from this action. (Doc. 145). Defendants School Board of Manatee County, Florida (the School Board) and the City of Palmetto (collectively, the defendants) oppose the motion. (Docs. 157, 158).

**I.    BACKGROUND**

The School Board served written discovery requests on the plaintiffs on June 10, 2020. (*See* Doc. 81-3). On August 2, 2020, the School Board sent

1

Attorney Ford an email requesting the outstanding discovery responses by August 7, 2020. (Doc. 81, Ex. 1). On August 28, 2020, after multiple attempts to resolve the discovery deficiencies, the School Board moved to compel responses to its discovery requests. (Doc. 31). On August 29, 2020, the plaintiffs responded to the School Board's motion to compel. (Doc. 32). On September 8, 2020, the undersigned granted the School Board's motion to compel in part and ordered the plaintiffs to produce the outstanding discovery responses. (Doc. 36).[1] The undersigned allowed the plaintiffs an additional month to produce their outstanding responses—by September 23, 2020. (Doc. 36). The undersigned also scheduled another discovery videoconference to address any remaining discovery disputes. (Doc. 37).

On October 5, 2020, the undersigned held a discovery videoconference, lasting one hour and eighteen minutes. (*See* Doc. 56). The undersigned addressed the plaintiffs' continued discovery deficiencies and ordered the plaintiffs to correct the deficiencies by October 23, 2020. (Doc. 68). The undersigned also ordered the School Board to resend electronic copies of its discovery requests to each of the plaintiffs. (*Id.*). The undersigned scheduled

---

[1] The court granted the motion in part to the extent that the School Board's request for attorney's fees and costs would be considered later, along with any other discovery disputes. (Doc. 36, p. 2).

another discovery videoconference for October 30, 2020 to resolve any remaining discovery issues. (*Id.*).

On October 29, 2020, the School Board moved for sanctions against the plaintiffs.[2] (Doc. 81). The School Board requested an award of its attorney's fees and costs against the plaintiffs because of their continued discovery violations and failure to comply with the court's discovery orders. (*Id.*). That same day, the plaintiffs filed an opposition to the defendants' motion for sanctions. (Doc. 83).

On October 30, 2020, the undersigned held a one-hour discovery videoconference. (Doc. 85). At the videoconference, the undersigned addressed the plaintiffs' continued discovery deficiencies and granted the plaintiffs' oral motion to extend the discovery deadline until December 18, 2020. (Doc. 89). The undersigned also gave the plaintiffs additional time to substantively respond to the School Board's motion for sanctions—until November 13, 2020. (*Id.*).

On December 1, 2020, the undersigned held an evidentiary hearing on the School Board's motion for sanctions. (Doc. 110). The evidentiary hearing lasted three hours and fifty-two minutes. (*Id.*). At the hearing, the parties

---

[2] The School Board did not request sanctions against Ms. Scott because she complied with the court's discovery orders. (Doc. 81).

called witnesses and argued their respective positions. (*See id.*; *see also* Docs. 130, 133).

A December 17th order granted the School Board's motion for sanctions and awarded the School Board its reasonable attorney's fees and costs against Attorney Ford for the unnecessary time and expenses the School Board incurred because of the plaintiffs' discovery violations. (Doc. 115). The court did not assess costs against the individual plaintiffs because it was Attorney Ford's responsibility to ensure his clients, who are unfamiliar with the federal discovery process and credibly testified to their desire and effort toward compliance, were aware of and fulfilled their discovery obligations within the time prescribed by the Federal Rules of Civil Procedure. (*Id.* at pp. 12-13). Because the court found Attorney Ford repeatedly failed to fulfill his discovery oversight obligations as the plaintiffs' counsel and to comply with court orders, the School Board's reasonable expenses incurred for the discovery dispute were assessed against Attorney Ford. (*Id.*).

The plaintiffs now move for the undersigned to recuse herself from this action. (Doc. 145).[3] The defendants oppose the motion. (Docs. 157, 158).

---

[3] Separate from the motion for recusal and its attachments, Attorney Ford filed an affidavit. (Doc. 149).

4

## II.    ANALYSIS

The plaintiffs request that the undersigned recuse herself under 28 U.S.C. § 455. (Doc. 145). Title 28 U.S.C. § 455(a) and (b) requires recusal when the judge's "impartiality might reasonably be questioned" or when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* The court evaluates 28 U.S.C. § 455 under the standard of whether "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *United States v. Arrate-Rodriguez*, 724 F. App'x 832, 836 (11th Cir. 2018).

The plaintiffs put forth no facts supporting a reasonable questioning of the court's impartiality, bias for the defendants, or the court's personal knowledge of any disputed evidentiary facts. The plaintiffs cite an error in the undersigned's order granting the School Board's motion for sanctions where the undersigned incorrectly stated that a hearing took place on September 8, 2020. (*See* Doc. 115, p. 11). Neither the September 8th order, nor this error, adversely affected the plaintiffs. Rather, on September 8th, the undersigned directed the plaintiffs to respond to the School Board's discovery requests and granted the plaintiffs additional time to do so. (*See* Doc. 36). The undersigned also scheduled a discovery videoconference to address any remaining discovery issues. (*See* Docs. 36, 37).

After the September 8th order, the undersigned held two discovery videoconferences, together lasting over two hours, to address the plaintiffs' discovery deficiencies. (*See* Docs. 56, 85). The individual plaintiffs and Attorney Ford were present at the videoconferences and the undersigned repeatedly advised the plaintiffs of their discovery obligations.

Then, to address the School Board's motion for sanctions, the undersigned held an evidentiary hearing lasting almost four hours. (*See* Doc. 110). The undersigned allowed the parties to present evidence and argument. After the evidentiary hearing, the undersigned entered a detailed order explaining why the order granted the School Board's motion for sanctions. (Doc. 115). The fact that the order granted the sanctions motion is not evidence of partiality or favoritism by the undersigned. *See United States v. Singletary*, 196 F. App'x 819, 820 (11th Cir. 2006) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."). On the contrary, prior to the order, the court and opposing counsel patiently provided the plaintiffs several opportunities and additional time to comply with their discovery obligations.

A judge should not recuse herself based on unsupported and tenuous allegations. *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988), *cert. denied*, 499 U.S. 1030 (1989). Recusal is not appropriate or justified under these circumstances.

## III. CONCLUSION

The plaintiffs' motion for recusal of the undersigned (Doc. 145) is **DENIED**.

**ORDERED** in Tampa, Florida, on February 19, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

7