**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LINCOLN MEMORIAL ACADEMY;**
**EDDIE HUNDLEY; MELVIA SCOTT;**
**JAUANA PHILLIPS; KATRINA ROSS;**
**and ANGELLA ENRISMA,**

     **Plaintiffs,**

**v.**                   **Case No.: 8:20-cv-309-CEH-AAS**

**STATE OF FLORIDA, DEPARTMENT**
**OF EDUCATION; SCHOOL BOARD**
**OF MANATEE COUNTY, FLORIDA;**
**and THE CITY OF PALMETTO,**

     **Defendants.**
_____/

## ORDER

Plaintiffs Lincoln Memorial Academy (LMA), Eddie Hundley, Juana Phillips, Katrina Ross, and Angella Enrisma (collectively, the plaintiffs) moved for sanctions and attorney's fees against Attorney Erin G. Jackson. (Doc. 141). Attorney Jackson represents Defendant the School Board of Manatee County, Florida (the School Board) and opposes the motion. (Doc. 154).

## I.  BACKGROUND

On February 2020, the plaintiffs sued the School Board, and other defendants, alleging civil right violations. (Doc. 1). The plaintiffs amended their compliant on March 9, 2020. (Doc. 6). The court entered a case

management and scheduling order, setting a mandatory initial disclosure deadline of June 1, 2020 and a discovery deadline of December 4, 2020. (Doc. 29).

On June 10, 2020, the School Board served the plaintiffs with discovery requests. (*See* Doc. 81-3). On June 23, 2020, the plaintiffs' counsel Roderick O. Ford, Esq., emailed Attorney Jackson and requested more time to complete the plaintiffs' Rule 26 disclosures. (Doc. 139-4, p. 23). On June 29, 2020, Attorney Ford again emailed Attorney Jackson stating that he needed more time to gather responses to discovery and Rule 26 disclosures.[1] (*Id.* at p. 19). Attorney Jackson conceded to limited extensions.

On July 22, 2020, Attorney Ford emailed Attorney Jackson requesting that she resend the School Board's discovery requests. (*Id.* at p. 52). On July 30, 2020, Attorney Ford served deficient discovery responses. For example, Attorney Ford provided the School Board with responses titled as "Plaintiff Eddie Hundley's Responses to Defendant School District of Manatee County's First Set of Interrogatories." (Doc. 31, Ex. 3). However, Mr. Hundley's responses did not match the School Board's Interrogatories. (Doc. 31-2). Instead, Mr. Hundley answered the Interrogatories designated for LMA. (Doc.

---

[1] Attorney Ford produced the plaintiffs' Rule 26 disclosures on July 6, 2020, over a month after the due date.

31-1). LMA also provided insufficient responses. (Doc. 31, pp. 3-4). Ms. Scott's responses also did not match the requests. (Doc. 31-8). Attorney Ford produced no responsive documents for Ms. Phillips or Ms. Enrisma.

On August 2, 2020, Attorney Jackson emailed Attorney Ford and requested the outstanding responses and documents. (Doc. 81-1). Attorney Jackson gave Attorney Ford five additional days to serve complete discovery responses. (Doc. 81-1). Attorney Jackson stated she would request court intervention if Attorney Ford failed to produce the outstanding discovery responses. (*Id.*). On August 19, 2020, after not receiving the plaintiffs outstanding discovery, Attorney Jackson emailed Attorney Ford with a detailed list of the plaintiffs' discovery deficiencies. (Doc. 81-4). Again, Attorney Jackson stated she would request court intervention if Attorney Ford failed to produce the outstanding discovery responses. (*Id.*). The plaintiffs did not correct the deficiencies.

On August 28, 2020, the School Board moved to compel the plaintiffs to produce discovery responses and requested an award of attorney's fees in relation to the motion. (Doc. 31). On September 8, 2020, the court granted the School Board's motion in part and ordered the plaintiffs to produce all

3

remaining discovery responses and documents by September 23, 2020.[2] (Doc. 36).

On October 5, 2020, the court held a discovery conference to address any remaining discovery issues. At the conference, the School Board made ten oral motions, which the court granted. (Doc. 56-66, 68). The court ordered the plaintiffs to rectify their discovery deficiencies by October 23, 2020. (Doc. 68). The court also directed the School Board to resend electronic copies of its discovery requests for each plaintiff to Attorney Ford by October 6, 2020. (*Id.*). The court scheduled another discovery conference for October 30, 2020. (*Id.*).

The School Board resent to Attorney Ford electronic copies of its discovery requests for each plaintiff on October 5, 2020. (Doc. 81). Attorney Ford filed notices of compliance of the court's discovery order. (Docs. 71-77). In response, Attorney Jackson sent Attorney Ford a letter noting the plaintiffs mostly had not complied with the court's order and thoroughly detailed the remaining discovery deficiencies for each plaintiff. (Doc. 81-8).

On October 29, 2020, the School Board moved for sanctions against the plaintiffs and Attorney Ford for failure to comply with the court's orders. (Doc 81). At the October 30, 2020 discovery videoconference, the court granted the

---

[2] The court granted the motion in part to the extent that the School Board's request for attorney's fees and costs would be considered later, along with any other discovery disputes. (Doc. 36, p. 2).

plaintiffs more time to respond to the School Board's motion for sanctions and ordered counsel to meet and confer about the outstanding discovery. (Doc. 89). The court also ordered Attorney Ford to confer with each plaintiff about the outstanding discovery. (Doc. 89, p. 2).

On November 6, 2020, the parties met, and Attorney Ford assured the School Board he would provide amended responses for each plaintiff. (*See* Doc. 151-1). On November 7, 2020, Attorney Jackson emailed Attorney Ford with a summary of their discussion and listed the documents that Attorney Ford stated would be produced. (*Id.*). The letter also stated it was imperative that the plaintiffs produce any responsive documents, including communications between members of the Governing Board.[3] Attorney Ford did not respond to the email or provide amended responses for each plaintiff.

On December 1, 2020, the court held an evidentiary hearing on the School Board's motion for sanctions. (Doc. 110). The court granted the School Board's motion for sanctions and awarded the School Board its reasonable attorney's fees and costs against Attorney Ford for the unnecessary time and

---

[3] During the meeting the School Board learned that Attorney Ford had not contacted LMA's governing board about the School Board's discovery requests. According to LMA's Governing Board Bylaws, only the Board of Directors has authority over LMA's management. (See Doc. 2- 2). Attorney Ford conceded in an email to the School Board that LMA "has a governing board, and so responses to . . . Discovery Requests may not readily be turned-around within the standard 30-day period." (Doc. 81-4, p. 15).

expenses the School Board incurred because of the discovery violations. (Doc. 115).

The plaintiffs now move for sanctions and attorney's fees against Attorney Jackson. (Doc. 141). Attorney Jackson opposes the motion. (Doc. 154).

## II.   ANALYSIS

The plaintiffs move for sanctions against Attorney Jackson under 28 U.S.C. § 1927,[4] alleging she filed the School Board's motion to compel discovery responses and motion for sanctions in bad faith. (Doc. 141).

28 U.S.C. § 1927 provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The court has the inherent authority to sanction litigants. However, "[i]nvocation of a court's inherent power requires a finding of bad faith." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995).

The School Board's motion to compel and motion for sanctions were legally sufficient and not made in bad faith. The School Board served the

---

[4] The plaintiffs also bring this motion for sanctions under 42 U.S.C. § 1981 (i.e., the Civil Rights Act of 1866). (Doc. 141). However, 42 U.S.C. § 1981 does not independently provide for sanctions or an award of attorney's fees against counsel. Thus, the plaintiffs request for sanctions under 42 U.S.C. § 1981 fails.

plaintiffs with discovery requests on June 10, 2020. (*See* Doc. 81-3). On June 29, 2020, Attorney Ford requested and received more time to respond. (*See* Doc. 139-4, p. 19). On July 22, 2020, over a month after the plaintiffs' discovery responses were due, Attorney Ford requested that Attorney Jackson resend the School Board's discovery requests, which she did.[5] (*Id.* at p. 52). On July 30, 2020, Attorney Ford served deficient discovery responses.

On August 2, 2020, Attorney Jackson gave Attorney Ford five more days to serve complete discovery responses and documents. (Doc. 81-1). After not receiving the plaintiffs outstanding discovery responses, on August 19, 2020, Attorney Jackson emailed Attorney Ford detailing the discovery deficiencies.[6] (Doc. 81-4). The plaintiffs still did not correct the deficiencies.

---

[5] It was not until July 13, 2020, over a month after the plaintiffs' discovery responses were due, that Attorney Ford sent the plaintiffs an email stating, "[w]e need now to turn our attention to the Request to Production from Attorney Erin Jackson . . . . We also need to address the interrogatories [sic] from Attorney Erin Jackson." (Doc. 139-4, pp. 52-53).

[6] Attorney Ford testified that he had issues with his email because of changing email providers and did not remember receiving the Attorney Jackson's August emails. (Doc. 133, 6:24-8:15). However, a printout of Attorney Ford's outlook mailbox shows an email from the School Board from August 2nd with the subject line "Response to School Disctri…." (Doc. 139-4, p. 101). Attorney Ford then testified he did not know how to unthread his emails. (Doc. 133, 10:23-12). But the August 19th email was an individual email, not part of a thread of emails. (*See* Doc. 31, Ex. 4). Further, Attorney Ford attached as an exhibit a copy of the August 19th email. (Doc. 139-4, p. 96). Both August emails were sent to Attorney Ford at the same email address – admin@methodistlawcentre.com – which is also the email in the court's electronic filing system (CM/ECF).

On August 28, 2020, after multiple extensions and attempts to get complete discovery responses from the plaintiffs, the School Board moved to compel production of the outstanding discovery responses. (Doc. 31). On September 8, 2020, the court directed the plaintiffs to produce all remaining discovery responses and documents by September 23, 2020. (Doc. 36).

After a videoconference, the court ordered the plaintiffs to address their discovery deficiencies by October 23, 2020. (Doc. 68). After Attorney Ford failed to comply with the court's discovery order, Attorney Jackson sent Attorney Ford a letter noting the plaintiffs mostly had not complied with the court's order and detailing the discovery deficiencies for each plaintiff. (Doc. 81-8).

On October 29, 2020, the School Board moved for sanctions against the plaintiffs and Attorney Ford. (Doc 81). After the second discovery conference, Attorney Ford assured the School Board he would provide amended responses for each plaintiff and correct the discovery deficiencies. (Doc. 151- 1). Attorney Ford failed to do so. After an evidentiary hearing, the court granted the School Board's motion for sanctions and awarded the School Board its reasonable attorney's fees and costs against Attorney Ford. (Doc. 115).

The School Board's motion to compel and motion for sanctions were legally sufficient and not made in bad faith. The court granted the motions due to their merit. (Docs. 36, 115). In addition, as detailed above, Attorney Jackson filed the School Board's motion to compel and motion for sanctions after

numerous attempts to obtain the plaintiffs' outstanding discovery responses and documents. Contrary to the plaintiffs' assertions, Attorney Jackson was generous in her extensions and repeatedly detailed the outstanding discovery for the plaintiffs' benefit.

The plaintiffs request for sanctions under 28 U.S.C. § 1927 fails.

## III.   CONCLUSION

The plaintiffs' motion for sanctions and attorney's fees against Attorney Erin G. Jackson (Doc. 141) is **DENIED**. Attorney Jackson requests an award of her attorney's fees incurred in responding to the plaintiffs' motion for sanctions. This request will not be addressed in this order but may be brought in the form of a separate motion.

**ORDERED** in Tampa, Florida on February 19, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge