UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCOLN MEMORIAL ACADEMY;
EDDIE HUNDLEY; MELVIA SCOTT;
JAUANA PHILLIPS; KATRINA ROSS;
and ANGELLA ENRISMA,

  Plaintiffs,

v.         Case No. 8:20-cv-309-CEH-AAS

STATE OF FLORIDA, DEPARTMENT
OF EDUCATION; SCHOOL BOARD
OF MANATEE COUNTY, FLORIDA;
and THE CITY OF PALMETTO,

  Defendants.
_____/

## ORDER

Defendant School Board of Manatee County, Florida (School Board) moves for an order compelling Plaintiffs Lincoln Memorial Academy (LMA), Eddie Hundley, Melvia Scott, Jauana Phillips, Katrina Ross, and Angella Enrisma (collectively, the plaintiffs) to produce a list of electronic devices they used since January 2018, the current location of those devices, LMA's Governing Board's meeting minutes, and awarding the School Board its reasonable expenses and attorney's fees for bringing this motion. (Doc. 163). The plaintiffs oppose the motion. (Doc. 182).

1

## I.      BACKGROUND

On June 10, 2020, the School Board served the plaintiffs with its First Request for Production and Interrogatories. The School Board requested the plaintiffs produce "any electronic devices, including but not limited to cellular phones, computers, laptops, and/or tablets, whether owned by you, Defendant, or [LMA], used pursuant to and in fulfillment of your duties as [an employee of LMA]." (Docs. 81-3, 81-4, 81-5, 81-6).

After the plaintiffs failed to adequately respond to the School Board's discovery requests, the School Board moved to compel the plaintiffs' responses. (Doc. 31). The court granted the School Board's motion to compel in part and ordered the plaintiffs to produce the outstanding discovery by September 23, 2020.[1] (Doc. 36). On October 29, 2020, after the plaintiffs failed to produce the compelled discovery, the School Board moved for sanctions. (Doc. 81).

On December 1, 2020, the court held an evidentiary hearing on the School Board's motion for sanctions. (Doc. 110). On December 17, 2020, the court granted the School Board's motion for sanctions. (Doc. 115). In the order granting sanctions, the court noted that the School Board "requested that the court order a third party to inspect text messages, cell phones, tablets, and

---

[1] The court granted the motion in part to the extent that the School Board's request for attorney's fees and costs would be considered later, along with any other discovery disputes. (Doc. 36, p. 2).

computers." (*Id.* at p. 13, n. 6). The court also stated,

> The School Board was not specific about which of these instruments require inspection. The parties must confer about this request. As part of that conference, Attorney Ford must provide counsel for the School Board with a list of the plaintiffs' devices used since January 2018 and the current location of those devices. If necessary, the School Board may file a motion.

(*Id.*).

Former LMA Governing Board Member Christine Dawson testified at the hearing she has a binder with documents pertaining to LMA's business, including board meeting minutes. (Doc. 130, pp. 74:17-75:19, 83:20-84:8). On December 17, 2020, the School Board deposed Dawson. (Doc. 163-2). When the School Board asked Dawson to identify the meeting minutes in the binder, she identified several sets of meetings minutes, including meeting minutes for an April 24, 2019 board meeting. (*Id.*, pp. 43:8-43:25). While referencing the April 24, 2019 meeting, Dawson testified that the board decided to remove Hundley as LMA's Principal and discussed the status of LMA's financials. (*Id.*, pp. 160:5-160:23). The School Board's counsel asked Dawson and the plaintiffs' counsel Roderick Ford, Esq., to make a copy of the binder. (*Id.*, pp. 110:10-110:11, 193:7-193:15). Attorney Ford stated he would produce the binder. (*Id.*, pp. 196:15-197:25).

On December 18, 2020, Attorney Ford emailed the School Board a zip

folder purportedly containing electronic copies of the documents in Dawson's binder. (Doc. 163-4). Despite Dawson's testimony that the binder included the April 24, 2019 board meeting minutes, the zip folder did not include those minutes. (*See* Doc. 163-2, pp. 43:8-43:25, 159:20-160:23).

On December 28, 2020, the School Board emailed Attorney Ford and requested the list of the plaintiffs' devices used since January 2018, and the current location of those devices. (Doc. 163-5). On December 29, 2020, the School Board emailed Attorney Ford and advise him that the April 24, 2019 meeting minutes were missing from the production. (Doc. 163-6).

On January 21, 2021, the School Board emailed Attorney Ford and advised him that it had still not received the April 24, 2019 board meeting minutes and the plaintiffs' list of electronic devices. On January 22, 2021, Attorney Ford responded that he was reviewing the School Board's email and asked for clarification on the term "devices." The School Board defined "devices" to include computers, cellphones, and tablets, as discussed during the December 1, 2020 evidentiary hearing. (*See* Doc. 130, pp. 11:23-12:3; Doc. 133 at 52:25-53:4).

On January 28, 2021, Attorney Ford emailed the School Board two memoranda. (Docs. 163-8, 163-9). In the first memorandum, Attorney Ford objects to the School Board's discovery requests because "they appear to be

interposed in bad faith and designed merely to harass and block the Plaintiffs from availing themselves of the constitutional right to court access…" (Doc. 163-8). While the memorandum includes a list of "Cell Phone / Text Messages" in the possession of Hundley, Scott, Phillips, Ross, and Enrisma, it lists no devices belonging to LMA and identifies no computers, tablets, or other devices. (*See Id.*). The memoranda also did not list the location of these devices. (*Id.*). In the second memorandum, Attorney Ford alleges that the School Board's position is "retaliatory," that Dawson is a victim of "associational discrimination," and that Dawson already provided a copy of the April 24, 2019 board meeting minutes at her deposition. (Doc. 163-9).

The School Board now moves for an order compelling the plaintiffs to comply with the court's discovery orders. (Doc. 163). The plaintiffs oppose the motion. (Doc. 182). The plaintiffs' opposition does not address why they did not produce a list of electronic devices used since January 2018 and the location of those devices. The plaintiffs' opposition also does not address why they did not produce the minutes from the April 24, 2019 board meeting. Instead, the plaintiffs argue the court's previous rulings are erroneous and the School Board is participating "in retaliatory and abusive discovery practices, in violation of the legislative objectives of the 1866 Civil Rights Act." (*Id.*).

## II.    ANALYSIS

The School Board requests an order directing the plaintiffs to produce a list of all electronic devices used by the plaintiffs since January 2018, produce the current location of those devices, produce LMA's Governing Board's meeting minutes, and award the School Board its reasonable expenses and attorney's fees incurred by this motion. (Doc. 163).

### A.    Request for a list of electronic devices used by the plaintiffs since January 2018 and the current location of those devices.

In the School Board's initial discovery requests served in June 2020, the School Board requested that Hundley, Ross, Scott, and Enrisma produce "any electronic devices, including but not limited to cellular phones, computers, laptops, and/or tablets, whether owned by you, Defendant, or [LMA], used pursuant to and in fulfillment of your duties as an employee of Defendant" and "any electronics devices, including but not limited to cellular phones, computers, laptops, and/or tablets, whether owned by you, Defendant, or [LMA], used pursuant to and in fulfillment of your duties as an employee of [LMA]." (Docs. 81-3, 81-4, 81-5, 81-6).

Federal Rule of Civil Procedure 34 allows a party to serve on another party requests for production of documents and things within the control of the opposing party. A response and the production or an objection to a request is

6

due within thirty days after being served. Fed. R. Civ. P. 34(b)(2)(A). The plaintiffs failed to respond or otherwise object to this discovery request.

In the court's December 17, 2020 order granting the School Board's motion for sanctions, the court directed Attorney Ford to "provide counsel for the School Board with a list of the plaintiff's devices used since January 2018 and the current location of those devices" and advised the School Board to file a motion if necessary. (Doc. 115, p. 13, n. 6). Attorney Ford failed to provide a list of all devices—including computers and tablets—and their locations.[2]

Attorney Ford must provide the School Board with a list of electronic devices used by the plaintiffs since January 2018 and the devices' locations. For this purpose, devices are defined to include computers, cellphones, and tablets.

## B.    Request for LMA's Governing Board's meeting minutes.

Review of Dawson's testimony reveals that Dawson's binder once contained minutes for LMA's Governing Board's April 24, 2019 meeting. (Doc. 163-2, pp. 159:20-160:23). At Dawson's deposition, the School Board addressed that Dawson was having trouble reading her copy of the April 24, 2019 board meeting minutes and counsel asked Dawson to take her version of the minutes

---

[2] Attorney Ford only produced a list of "Cell Phone / Text Messages" in the possession of Hundley, Scott, Phillips, Ross, and Enrisma. (Doc. 163-8).

out of the binder. (*Id.*, pp. 106:3-106:8). Initially, Dawson denied having the April 24, 2019 board meeting minutes. (*Id.*, 106:12-106:23). However, while discussing what occurred at the meeting, Dawson stated she found the April 24, 2019 minutes.[3] (*Id.*, pp. 159:11-160:4). Dawson then discussed what took place during that meeting, including a discussion of whether it was appropriate to remove the role of principal from Hundley and LMA's financial report. (*Id.*, pp. 160:5-161:19).

The plaintiffs' second amended complaint alleges that the Commissioner of Education requested that LMA's Governing Board remove Hundley as Principal of LMA based on "false information," that the School Board enacted the emergency take-over of LMA under the pre-text that Hundley could not work in close proximity with children, and that LMA's "slow-pay issues" of its water bills was "not the result of financial mismanagement on the part of LMA." (Doc. 28, ¶¶ 54, 86). Documents pertaining to LMA business, including discussions of Hundley's role at LMA and LMA's financial status are relevant and proportional to the plaintiffs' claims.

It is unclear if the School Board formally requested production of the board meeting minutes from Dawson or the plaintiffs. Nevertheless,

---

[3] Dawson testified, "I don't have all of the minutes for the meetings. I was not the secretary. *I'm seeing one for April 24, 2019.* I'm seeing one for January 23, 2019; April 24th. I'm seeing an earlier one in April." (Doc. 163-2, pp. 43:8-43:25) (emphasis added)

considering Dawson's testimony and Attorney Ford's assurances to opposing counsel at Dawson's deposition, it is appropriate to compel the plaintiffs to provide the minutes from the April 24, 2019 board meeting. (*See* Doc. 163-2, pp. 196:15-197:25). However, discovery is closed, and this motion cannot serve as a mechanism for propounding additional discovery requests. The School Board's request for any further discovery is denied.[4]

Attorney Ford must produce the April 24, 2019 board meeting minutes or, if they are unavailable, explain in detail why they are no longer available.

## C.   Request for reasonable expenses and attorney's fees.

The School Board requests an award of its reasonable expenses and attorney's fees incurred in bringing this motion to compel compliance with court discovery orders. (Doc. 163, p. 15). Under Rule 37, the court may deny a request for expenses and attorney's fees if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

The court's December 17, 2020 order granted the School Board's motion for sanctions and directed Attorney Ford to produce a list of the plaintiffs' electronic devices and their locations. (Doc. 115). The production of the

---

[4] The School Board requests LMA's Governing Board's meeting minutes from Dawson's December 17, 2020 deposition through the date of Attorney Ford's January 28, 2021 memoranda. (Doc. 163, p. 15).

plaintiffs' electronic devices was not the subject of the hearing or the order. (*See* Docs. 110, 115). This direction was in a footnote and invited the School Board to file a motion if necessary, which it has. (Doc. 115, p. 13, n. 6).

The court also addressed the existence of Dawson's binder at the evidentiary hearing on the School Board's motion for sanctions. (Doc. 115, p. 12, n. 5). Again, this was not the subject of the hearing or the order. (*See* Docs. 110, 115). The court's December 17, 2020 order did not compel production of the binder but footnoted it had not been produced. (*See* Doc. 115, p. 12, n. 5).

Under the circumstances, an award of attorney's fees and expenses would be unjust. Therefore, the School Board's motion for attorney's fees and expenses related to this motion is denied. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court *may* . . . apportion the reasonable expenses for the motion.") (emphasis added).

## III.   CONCLUSION

The School Board's motion to compel (Doc. 163) is **GRANTED in part and DENIED in part**:

(1)    By **March 31, 2021**, Attorney Ford must confer with the plaintiffs and provide the School Board with a list of devices use by the plaintiffs since January 2018 and the location of those devices.

(2)    By **March 31, 2021**, Attorney Ford must produce the April 24,

2019 board meeting notes to the School Board or, if they are unavailable, explain in detail why they are no longer available.

(3)    Each party will bear their own attorney's fees and expenses related to this motion.

**ORDERED** in Tampa, Florida on March 24, 2021.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

11