# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LINCOLN MEMORIAL ACADEMY;**
**MR. EDDIE HUNDLEY; DR. MELVIA SCOTT;**
**MS. JAUANA PHILLIPS; MS. KATRINA ROSS; and**
**ANGELLA ENRISMA.**

        Plaintiff(s),

CASE NO:  8:20-CV-309

Vs

**STATE OF FLORIDA, DEPARTMENT OF EDUCATION (DOE);**
**SCHOOL DISTRICT OF MANATEE COUNTY; AND**
**THE CITY OF PALMETTO**

        Defendant(s).
_____/

## NOTICE OF WITHDRAWL OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Now comes the Plaintiffs Lincoln Memorial Academy, Eddie Hundley, Jauana Phillips, Katrina Ross, Melvia Scott, and Angela Enrisma, by and through their undersigned counsel, and respectfully withdraw their Motion to File the Third Amended Complaint, doc. # 159 (filed on January 25, 2021).   In support thereof, the Plaintiffs respectfully state:

    1.	The Motion for Leave to File the Third Amended Complaint (doc. # 159) was motivated by the Plaintiffs' desire and need to address the Defendant Florida Department of Education's defenses regarding the Eleventh Amendment and "sovereign immunity claim."

However, the undersigned no longer believes that a Third Amended Complaint is needed in order to sufficiently address these concerns.

2. The Plaintiffs Scott, Phillips, Ross and Enrisma have already filed their motions for Summary Judgment pursuant to the Second Amended Complaint.

3. The Second Amended Complaint already interposes the 13th Amendment, which is directly relevant to Scott's, Phillips,' Ross,' and Enrisma's constitutional claims of reprisal.

4. Section 1 of the Thirteenth Amendment must be considered in light of its historical relationship to *Dred Scott v. Sandford*, 60 U.S. 393, (1856), to wit:

> **U.S. Supreme Court**
> *Scott v. Sandford*, 60 U.S. 19 How. 393 393 (1856)
>
> **Scott v. Sandford**
>
> **60 U.S. (19 How.) 393**
>
> *Syllabus...*
>
> 4. A free negro of the African race, whose ancestors were brought to this country and sold as slaves, is not a "citizen" within the meaning of the Constitution of the United States.
>
> 5. When the Constitution was adopted, they were not regarded in any of the States as members of the community which constituted the State, and were not numbered among its "people or citizens." Consequently, the special rights and immunities guaranteed to citizens do not apply to them. And not being "citizens" within the meaning of the Constitution, they are not entitled to sue in that character in a court of the United States, and the Circuit Court has not jurisdiction in such a suit.
>
> 6. The only two clauses in the Constitution which point to this race treat them as persons whom it was morally lawfully to deal in as articles of property and to hold as slaves.
>
> 7. Since the adoption of the Constitution of the United States, no State can by any subsequent law make a foreigner or any other description of persons citizens of the United States, nor entitle them to the rights and privileges secured to citizens by that instrument....

Section 1 of the Thirteenth Amendment reversed the holding in the *Dred Scott* case.  See, e.g., Rebecca E. Zietlow, "Free At Last! Anti-Subordination and the Thirteenth Amendment," *Boston University Law Review*, Vol. 90:255, p. 282 ("The enactment of this clause indicates that members of Congress believed that by ending slavery, the Thirteenth Amendment had overturned the Court's ruling in *Dred Scott* that African Americans could not be citizens.")

5. It is thus upon this premise that Plaintiffs Scott, Phillips, Ross, and Enrisma have stressed in their Motions for Summary Judgment the fact that, "but for" Section 1 of the Thirteenth Amendment, African Americans would enjoy none of the rights enumerated in the *Declaration of Independence* ("life, liberty, and the pursuant of happiness") or in the *Bill of Rights* (including the First Amendment right to freedom of assembly, speech, and petition).  For this reason, Section 1 of the 13th Amendment, by its own unaided force, secured these constitutional rights to African Americans in 1865.[1]

6. Since this leaves open the question whether the 14th Amendment and § 1983 are superfluous when the plaintiff is an African American who claims a First Amendment deprivation of a constitution right because of race—it seems clear that such deprivations also violate Section 1 of the Thirteenth Amendment.

7. In this case, the Plaintiffs' counsel presented its "Motion for Leave to File the Third Amended Complaint" (based solely on the 13th Amendment) in order to clarify the legal

---

[1] Section 1 of the Thirteenth Amendment was enacted to secure to African American citizens all of the "fundamental rights" that are guaranteed in the Declarations of Independence and the Bill of Rights to U.S. Constitution. Section 1 also secures the "right of petition" and the "right to sue, give evidence, and be a party" to litigation.  See, e.g., the *Civil Rights Cases*, 109 U.S. 3, 20 (1883); *The Slaughterhouse Cases*, 83 U.S. 36, 68, 70-71, 90, 115, 119, 125 (1872); *Butchers' Union Co. v. Crescent City Co*, 111 U.S. 762 , 764-765 (1884); *U.S. v. Rhodes*, 1 Abb. 28, Fed. Cas. No. 16,151 (Circuit Court, District of Kentucky) [(6th Cir. 1866)]; *U.S. v. Morris*, 125 Fed. Rep. 322 (E.D. Ark. 1903); William Goodell, *The American Slave Code* (Part I, Chapter); Congressional Globe (Hon. A. Vanderpoel),  Feb. 11, 1837, pp. 179 – 193; Congressional Globe (Hon. R. French),  Feb. 11, 1837, pp. 179 – 193.

issues in this case.) [2]

8.     Under either legal theory, however, this U.S. District Court must reach the same result under the 14th Amendment and § 1983; or under Section 1 of the Thirteenth Amendment; or under 42 U.S.C. § 1981(c)—because in every case, the nature of the "protected activity" (i.e., assembly, association, speech, and petition) is the same; the "reprisal" is the same; and the "causation" element is the same. The Second Amended Complaint already sufficiently covers all of these legal and constitutional bases.

### CONCLUSION

WHEREFORE, the Plaintiffs hereby withdraw their Motion for Leave to file Third Amended Complaint (doc. #159).

RESPECTFULLY SUBMITTED:

RODERICK O FORD, ESQ.
FBN: 0072620
Attorney For Plaintiffs
PMJA Legal Defense Fund, Inc.
400 N. Ashley Drive
Suite 1900
Tampa, Florida 33602
(813) 223-1200
(813) 223-4226 facsimile

By:   /s Roderick O. Ford
        RODERICK O. FORD
        Fla. Bar No.: 0072620

---

[2] Nevertheless, since the U.S. District Court may hold to the belief that Section 1983 is the sole vehicle whereby constitutional claims under the Bill of Rights may be asserted, the Plaintiff simply wish to make in clear that Section 1 of the 13th Amendment, by its own unaided force, also guarantees those same rights. *Id*. Moreover, § 1981 (c) also affords a statutory remedy for violations rights guaranteed by the 13th Amendment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF on April 23, 2021:

| | |
|---|---|
| Erin G. Jackson, Esquire<br>Johnson Jackson, PLLC<br>Suite 2310<br>100 North Tampa Street<br>Tampa, Florida  33602 (eServed) | Charles F. Johnson, Esq.<br>Blalock Walters, P.A.<br>802 11th Street West<br>Bradenton, FL. 34205 |

Timothy L. Newhall, Esq.
Office of the Attorney General
Complex Litigation Section
The Capitol PL-1
Tallahassee, FL. 32399-0001

                                                              **/s/ Roderick O. Ford**
                                                               Roderick O. Ford, Esq.