UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCOLN MEMORIAL ACADEMY;
EDDIE HUNDLEY; MELVIA SCOTT;
JAUANA PHILLIPS; KATRINA ROSS;
and ANGELLA ENRISMA,

    Plaintiffs,

v.                                      Case No. 8:20-cv-309-CEH-AAS

STATE OF FLORIDA, DEPARTMENT
OF EDUCATION; SCHOOL BOARD OF
MANATEE COUNTY, FLORIDA; and
THE CITY OF PALMETTO,

    Defendants.
_____/

## ORDER

Defendant the School Board of Manatee County, Florida (the School Board) requests that the court determine the reasonable attorney's fees and costs to be awarded against the plaintiffs' counsel, Roderick Ford, as a Rule 37(b)(2)(C) fee-shifting for discovery violations. (Doc. 190). Attorney Ford opposes the motion. (Doc. 225).

**I.  BACKGROUND**

On June 10, 2020, the School Board served discovery requests on Lincoln Memorial Academy (LMA), Eddie Hundley, Melvia Scott, Jauana

1

Phillips, Katrina Ross, and Angella Enrisma (collectively, the plaintiffs). (Doc. 81-3). On August 2, 2020, the School Board contacted Attorney Ford about the plaintiffs' outstanding discovery responses. (Doc. 81-1). After several attempts at obtaining the outstanding discovery, on August 28, 2020, seventy-nine days service of the discovery requests, the School Board moved to compel the plaintiffs' discovery responses and requested an award of attorney's fees of costs in relation to the motion. (Doc. 31).

The court granted the School Board's motion to compel, in part, and ordered the plaintiffs to produce the outstanding discovery responses by September 23, 2020.[1] (Doc. 36). On October 5, 2020, the court held a discovery conference to address the plaintiffs' remaining discovery deficiencies. (Doc. 56). The School Board made ten oral motions, which the court granted. (Docs. 57-66, 68). The court ordered the plaintiffs cure the remaining discovery deficiencies by October 23, 2020 and scheduled a follow-up discovery conference for October 30, 2020. (Doc. 68).

On October 29, 2020, the School Board moved for sanctions against the plaintiffs under Federal Rule of Civil Procedure 37 as a sanction for their failure to comply with the court's discovery orders (docs. 36, 68). (Doc. 81). On

---

[1] The court granted the motion in part only to the extent that the School Board's request for attorneys' fees and costs would be determined later. (Doc. 36, p. 2).

October 30, 2020, the court held the follow-up discovery conference and granted the plaintiffs additional time to respond to the School Board's motion for sanctions. (Docs. 85, 89, 101).

On December 1, 2020, the court held an evidentiary hearing on the School Board's motion for sanctions. (Doc. 110). The court awarded the School Board's motion for sanctions and awarded the School Board its reasonable attorney's fees and costs against Attorney Ford for "the unnecessary time and expenses it incurred because of the discovery violations." (Doc. 115, p. 14). Attorney Ford objected to the court's order granting sanctions. (Doc. 139).

The court directed the parties to confer and attempt to agree on the reasonable amount of attorney's fees and costs. (Doc. 115, p. 14). Because the parties could not reach an agreement., the School Board moves, with supporting documentation, for an award of $15,746.3 in attorney's fees. (Doc. 190). The School Board also requests an award of costs of $1,347.80. (*Id.*). Attorney Ford responded in opposition to the School Board's request, arguing that the motion is premature due to the plaintiffs' pending objections to the court's orders.[2] (Doc. 255).

---

[2] Attorney Ford's objection to the court's order granting sanctions are pending before District Judge Charlene H. Honeywell. (*See* Doc. 139).

## II. ANALYSIS

The School Board requests an award of attorney's fees of $15,746.30, which represents $7,400.60 in relation to the School Board's original motion to compel and $8,345.70 in relation to the School Board's subsequent motion for sanctions. (Doc. 190, pp. 5-11).

The School Board also requests an award of costs of $1,347.80, which represents $424.10 for the cost of the October 5, 2020 hearing transcript and the October 30, 2020 hearing transcript and $923.70 for the cost of the December 1, 2020 hearing transcript and the witness subpoena fee. (*Id.* at pp. 11-12).

### A.   Attorney's Fees

The initial burden of proof that the fee is reasonable falls on the School Board's counsel, who must submit evidence about the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). The starting point for setting an attorney's fee is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433; *Norman,* 836 F.2d at 1299. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of

reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty Cty. Bd. of Edu.,* 775 F.2d 1565, 1571 (11th Cir. 1985).

Most or all these factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman,* 836 F.2d 1292 (citing *Johnson v. Ga. Hwy. Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)).

The court determines the reasonableness of the rate charged by their congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984). A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299.

The School Board requests an award of $6,976.50 in attorney's fees in relation to School Board's motion to compel:

| Timekeeper | Hours | Rate per Hour | Total |
|---|---|---|---|
| Erin Jackson, Esq. | 15.5 | $165.00 | $2,557.50 |
| Beatriz Miranda, Esq. | 19.2 | $165.00 | $3,168.00 |
| Julia Shinn, Paralegal | 13.9 | $90.00 | $1,251.00 |
| **Total** | **48.6** | | **$6,976.50** |

(Doc. 190, p. 10). The School Board also requests an award of $7,422.00 in attorney's fees in relation to School Board's motion to sanctions:

| Timekeeper | Hours | Rate per Hour | Total |
|---|---|---|---|
| Erin Jackson, Esq. | 20.1 | $165.00 | $3,316.50 |
| Beatriz Miranda, Esq. | 15.5 | $165.00 | $2,557.50 |
| Julia Shinn, Paralegal | 8.1 | $90.00 | $729.00 |
| Karen Harris, Paralegal | 9.1 | $90.00 | $819.00 |
| **Total** | **52.8** | | **$6,976.50** |

(*Id.* at pp. 10-11). Attorney Ford does not appear to oppose the hours incurred, only that this determination is premature. (*See* Doc. 255).

The court will address the reasonableness of the hourly rates charged before addressing the reasonableness of the time entries.

### 1. Reasonable hourly rate

The School Board requests $165.00 per hour for Attorneys Jackson and Miranda and $90.00 for Paralegals Shinn and Harris. (Doc. 190-1).

In the related action *Manatee Cty. Sch. Bd. v. Lincoln Memorial Academy, Inc.*, No. 19-5307 (DOAH February 24, 2020),[3] the School Board's expert, Robert W. Boos, Esq., testified to the reasonableness of the same fees

---

[3] DOAH refers to the State of Florida, Division of Administrative Hearings.

6

as charged here. (Doc. 190-3, pp. 40-42, 44). Attorney Boos has been practicing law for forty years and served as counsel for the Hillsborough County School Board. (Doc. 190-3, p. 42; 190-4). Attorney Boos testified that he generally charged the School Board $310.00 per hour and that the hourly rates sought here are "eminently reasonable." (Doc. 190-3, p. 42). Administrative Law Judge (ALJ) Robert S. Cohen agreed and found these rates "extremely reasonable given the experience and expertise of its attorneys and staff." (Doc. 190-5, p. 9).

The court may decide a reasonable rate based on its own expertise and judgment. *Norman*, 836 F.2d at 1303-04. The court agrees with Attorney Boos and ALJ Cohen that the School Board's requests for $165.00 per hour for Attorneys Jackson and Miranda and $90.00 for Paralegals Shinn and Harris is extremely reasonable. *See Alston v. Summit Receivables*, No. 6:17-CV-1723-ORL-31DCI, 2018 WL 3448595, at *10 (M.D. Fla. June 27, 2018) (awarding the plaintiff's attorneys and paralegal an hourly rate of $300.00 and $95.00, respectively)*; Castro v. Capital One Servs., LLC*, No. 8:16-CV-889-T-17TGW, 2017 WL 6765246, at *3 (M.D. Fla. Dec. 15, 2017) ("Considering my knowledge of prevailing market rates in Tampa and the specifics of this case, including the defendants' lack of opposition, a reasonable hourly rate for this case ranges from $100 to $300."); *Westlake v. Atlantic Recovery Solutions LLC*, No: 8:15-

CV-1626-T-33TBM, 2016 WL 279439, at * 3 (M.D. Fla. Jan. 22, 2016) (awarding the plaintiff's attorney and paralegal hourly rates of $250 and $95, respectively).

## 2. Reasonable hours and time entries

Next, the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). To prevail in its request for attorney's fees, the moving party must present accurate records that detail the work the attorneys performed. *Id.*

The School Board requests recovery of 48.6 hours in relation to its motion to compel and 52.8 hours in relation to its motion for sanctions. (Doc. 190, pp. 10-11).

### i. Motion to Compel

The School Board moved to compel the plaintiffs to provide adequate discovery responses seventy-nine days after the School Board served its discovery requests.[4] (Doc. 31). The motion to compel was eleven pages and included twenty-one exhibits. (*Id.*). The School Board prevailed on its motion,

---

[4] Defense counsel made multiple attempts to obtain the outstanding discovery prior its motion to compel. The events preceding the School Board's motion to compel are outlined in Docs. 31, 56-66, 68, 154-3.

but the order reserved ruling on the School Board's request for attorney's fees and costs. (Doc. 36).

After the court granted the School Board's motion to compel, defense counsel prepared for and attended two discovery conferences to address remaining discovery issues. At the first discovery conference, the School Board made multiple motions to compel discovery due to the plaintiffs' continued discovery deficiencies. (*See* Docs. 56-66). The court granted those motions. (Doc. 68). The court then held a second discovery conference to assess the plaintiffs' continued noncompliance. (Doc. 85).

Defense counsel's detailed billing records evidence the extensive time and effort exerted in their attempt to obtain the plaintiffs' outstanding discovery. (*See* Doc. 190, Ex. 6). The total fee amount of $6,976.50 is based on reasonable hours expended and a reasonable hourly rate.

### ii. Motion for Sanctions

Ultimately, the School Board moved for sanctions against the plaintiffs for their continued failure to comply with the court's discovery orders. (Doc 81). The motion for sanction was fourteen pages and included twenty-seven exhibits. (*Id.*). The court held an evidentiary hearing on the School Board's motion. (Doc. 110). At the hearing, the School Board called witnesses and introduced several exhibits. (*See* Docs. 106-107, 110)

Defense counsel's detailed billing records evidence the time and effort dedicated to the motion for sanctions. (*See* Doc. 190, Ex. 7). Specifically, defense counsel expended 52.8 hours between October 26, 2020 (drafting the motion for sanctions) and December 1, 2020 (the date of the hearing on the motion for sanctions). The attorney's fees requested of $7,422.00 is based on reasonable hours expended and a reasonably hourly rate.

### B. Costs

The School Board requests an award of costs against Attorney Ford for $1,347.80. (Doc. 190, pp. 11-12). This represents the costs of: the October 5, 2020 discovery hearing transcript ($225.25) (Doc. 190, Ex. 11, p. 1); the October 30, 2020 discovery hearing transcript ($198.85) (*Id.* at p. 2); the December 1, 2020 sanctions evidentiary hearing transcript ($688.70) (Doc. 190, Ex. 12, p. 1-2); and Christine Dawson's witness subpoena and fees[5] ($235.00) (*Id.* at p. 3).

The School Board fails to explain why it was necessary to obtain transcripts of the October 5, 2020 and October 30, 2020 discovery conferences. In addition, the School Board provides no argument about why these transcripts were expedited. (*See* Doc. 190, Exs. 11, 12). Moreover, other matters were addressed at the discovery conferences beyond the violations at

---

[5] Ms. Dawson was the chair of LMA's governing board.

issue in the motion to compel. (*See* Docs. 68, 89). Thus, the expedited transcript costs for the October 5, 2020 discovery hearing ($225.25) and the October 30, 2020 discovery hearing ($198.85) are not expenses that should be shifted to Attorney Ford.

The court considered the testimony and evidence presented at the December 1, 2020 evidentiary hearing when ruling on the School Board's motion for sanctions. (*See* Doc. 115). However, the School Board offers no argument about why it required the hearing transcript. There is also no argument about why the transcript was expedited. (*See* Doc. 190, Ex. 12, pp. 1-2). Thus, the expedited transcript cost for the December 1, 2020 evidentiary hearing ($688.70) is not an expense that should be shifted to Attorney Ford.

Finally, the School Board requests recovery of Ms. Dawson's subpoena and witness fees of $235.00. (*Id.* at p. 3). This amount comprises subpoena service fees of $150.00, a "rush fee" of $45.00, and a witness fee of $40.00. (*Id.*).

The subpoena service fee is excessive. Although in the context of costs awarded under Section 1920, courts can tax costs for a private process server's fee, but the fee should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). According to regulations proscribed by the Attorney General, the U.S. Marshals Service may charge $65 per hour for each item

served. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3). Thus, a $65 service cost is recoverable.

It is unclear what the "rush fee" represents so it also is not recoverable. However, Ms. Dawson's witness fee of $40.00 is recoverable.[6]

### III. CONCLUSION

The School Board's motion for its reasonable attorney's fees and costs (Doc. 190) is **GRANTED in part and DENIED in part**. The School Board is awarded $**15,746.30** in attorney's fees and **$105.00** in costs against Attorney Ford. In all other respects, the motion is denied.

**ORDERED** in Tampa, Florida on August 4, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[6] Ms. Dawson's testimony was considered in the court's order granting sanctions against Attorney Ford. (*See* Doc. 115, p. 12).

12